Filed 12/7/21  P. v. Wick CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ERIC JON WICK,<br><br>  Defendant and Appellant. | G059598<br><br>(Super. Ct. No. C-84422)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Elizabeth G. Macias, Judge.  Reversed and remanded.

Cliff Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Alana R. Butler and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Eric Jon Wick appeals from the denial of his petition for resentencing under Penal Code section 1170.95, asserting the trial court erred in relying on special circumstances findings that had been dismissed before sentencing. Respondent concedes those findings were not properly the basis for finding that no prima facie case for relief was shown; we agree. The order is reversed and the case remanded for the trial court to issue an order to show cause and conduct an evidentiary hearing.

## FACTUAL AND PROCEDURAL HISTORY

Appellant was convicted in 1991 of felony murder after participating in a robbery in which two victims died and another was injured; he was neither alleged nor shown to be the shooter.[1] He was charged with special circumstances, which the jury found true; at sentencing the prosecution dismissed those allegations, and he was sentenced to two life terms for first degree murder and 11 years for attempted murder.[2]

Appellant sought resentencing in July 2019. The court found appellant had failed to make a prima facie case because the special circumstances verdict reached by the jury precluded relief under the statute as a matter of law. On appeal, appellant argues that the trial court erred on two grounds: first, that the trial court improperly considered the record of conviction; and second, that the trial court improperly relied on the special circumstances findings that had been dismissed.

---

[1] The factual summary is based on the prior opinion of this court affirming the judgment of the trial court in *People v. Wick*, (Dec. 29, 1993, G011451) [nonpub. opn.].

[2] Terms for armed robbery and armed burglary were stayed at sentencing; one year was added for conspiracy to commit those crimes.

DISCUSSION

Penal Code Section 1170.95,[3] added as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.), amended the felony murder rule "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018. ch. 1015, § 1, subd. (f).)

"Under section 1170.95, if the petitioner makes a prima facie showing, the court must issue an OSC and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner. (§ 1170.95, subds. (c) & (d)(1).) A prima facie showing under section 1170.95 requires the following: (1) an accusatory pleading was filed against the petitioner allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he or she was convicted of first or second degree murder following a trial, or accepted a plea offer to first or second degree murder in lieu of trial, at which he or she could have been so convicted; and (3) he or she could not be convicted of murder due to the amendments to sections 188 and 189. (§ 1170.95, subd. (a)(1)-(3).)" (*People v. Gonzalez* (2021) 65 Cal.App.5th 420, 428.) Only the last issue is implicated here.

*1. The Trial Court Was Entitled to Consider the Record of Conviction*

In *People v. Lewis* (2021) 11 Cal.5th 952, our Supreme Court considered the required showing for a prima facie case for relief under section 1170.95, concluding that the showing is a limited one, in which, as in a habeas corpus proceeding, the trial court ""takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations

---

[3] All further statutory references are to the Penal Code.

were proved.  If so, the court must issue an order to show cause."""" (*Id*. at p.971, quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 978.)  In making that determination, the *Lewis* court concluded that the trial court, after the appointment of counsel for petitioner, may consider the record of conviction but may not reject the allegations for lack of credibility unless the record """"contain[s] facts refuting the allegations made in the petition."""" (*Ibid.*)  As a result, the trial court in this matter, having appointed counsel for petitioner and receiving briefing from the parties, properly considered the record of conviction in ruling on the motion.

2. *The Trial Court Could Not Consider the Special Circumstances Allegations*

Appellant contends, respondent concedes, and we agree that the trial court in this case, in relying on the record of conviction, could not properly consider the special circumstances allegations that were dismissed prior to sentencing and were, as a result, not part of the judgment.  The trial court denied the petition because the jury instructions given to the jury at the time of trial on the special circumstances allegations required the jury to find an intent to kill.  This ruling, however, ignored the fact that the dismissal of those verdicts prior to sentencing meant appellant had neither the opportunity nor the motivation to challenge those findings that were not part of the final judgment in the matter, and was error as a matter of law.[4]

*People v. Barro* (2001) 93 Cal.App.4th 62, relied on by both appellant and respondent in this matter, held that a dismissal of findings in the interest of justice under

---

[4]  The larger question, whether "a felony-murder special circumstance finding (§ 190.2, subd. (a)(17)) made before *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 preclude a defendant from making a prima facie showing of eligibility for relief under section 1170.95" is pending at the Supreme Court in *People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted March 10, 2021, S266606).  (*People v. Wilson* (2021) 69 Cal.App.5th 665, 670, fn. 3.)  We need not, and do not reach that issue here.

section 1385 means that those findings cannot be used for sentencing purposes. The trial court rejected *Barro*, reasoning that because Barro pleaded guilty, and there were therefore no jury findings to consider, the rule set forth in that case did not govern this one. However, *Barro* held that a dismissal under section 1385 in the interest of justice "wipe[s] the slate clean" as if the conviction had never occurred and rejected the notion that an agreement by the parties that the strike prior could be considered in later cases for sentencing purposes was enforceable. (*Id*. at p. 67.) Instead, the court held, the underlying conviction and enhancement simply could not be used.

More recently, a different panel of this Court considered the issue in *People v. Barboza* (2021) 68 Cal.App.5th 955 (*Barboza*). In that case, the trial judge reduced a first degree murder conviction to second degree murder and struck the gang special circumstance prior to sentencing. After defendant petitioned for resentencing under section 1170.95, the trial court found no prima facie case, relying, as did the trial court in this case, on the fact that the jury's verdict on the special circumstance necessarily included a finding of intent to kill. On appeal, the court reversed. Defining the key dispute as "whether the trial court properly considered what the jury originally decided, or whether it should have looked only at the ultimate judgment rendered by the court" (*Id*. at p. 962), the court held that the jury finding could not be used: "Once a jury's finding is stricken, it is stricken." (*Id*. at 965.)

The defendant in *Barboza* also argued, as does petitioner here, that using the special circumstance finding was unfair because he could not challenge the findings on appeal, either as legal error or as founded on insufficient evidence. The *Barboza* court agreed (*Barboza, supra,* 68 Cal.App.5th at p. 965.); this court does as well.

5

DISPOSITION

The order is reversed and the matter remanded to the trial court with instructions to issue an order to show cause and conduct an evidentiary hearing.


ZELON, J.*

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.